8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Buheira Harith SABOUR, Appellant.
 No. 92-3264.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 20, 1993.
 
 Before: WILLIAMS, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, the briefs filed by the parties, and the citation of supplemental authority filed pursuant to Fed.R.App.P. 28(j). The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Sabour's convictions and sentences be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Buheira Sabour appeals his convictions and sentences for possessing 5 or more grams of crack with intent to distribute, using or carrying a firearm in relation to a drug-trafficking offense, and possessing an unlicensed pistol. He argues that the district court erred in denying his motion to suppress, that the court abused its discretion or committed plain error in allowing certain lines of questioning by the prosecutor, and that defense counsel provided ineffective assistance at sentencing.
 
 
 5
 The district court did not err in denying Sabour's motion to suppress. "[P]robable cause may emanate from the collective knowledge of the police, though the officer who performs the act of arresting or searching may be far less informed." United States v. Hawkins, 595 F.2d 751, 752-53 n. 2 (D.C.Cir.1978), cert. denied, 441 U.S. 910 (1979). Because Officer O'Bryant had probable cause to arrest Sabour for possession of an unlicensed gun, the detention and search incident to arrest were valid.
 
 
 6
 Nor did the district court abuse its discretion in allowing the government to question Sabour about his exposure to violence at Coolidge High School. This line of questioning was relevant to Sabour's claim that he had run because he was afraid rather than to elude police. Moreover, this questioning did not imply that Sabour had been involved in any violence at the school, and he expressly denied such involvement on redirect examination.
 
 
 7
 Likewise, the prosecutor's questions concerning why the officers "would come in here and lie in order to convict [Sabour]" were not plain error. The prosecutor did not ask Sabour to comment on the officers' credibility, but instead asked about the existence of any bases for bias. See United States v. Akitoye, 923 F.2d 221, 224-25 (1st Cir.1991).
 
 
 8
 Finally, counsel's failure to challenge the drug quantity determination at sentencing was not ineffective assistance. A chemist may calculate the entire quantity by analyzing a more limited sample. See, e.g., United States v. Powell, 886 F.2d 81, 84-85 (4th Cir.1989) (upholding quantity determination based on expert analysis of 24 out of 540 vials of crack), cert. denied, 493 U.S. 1084 (1990); United States v. Maceo, 873 F.2d 1, 6-7 (1st Cir.) (upholding quantity determination based on expert analysis of 16 out of 227 vials of crack), cert. denied, 493 U.S. 840 (1989). As there is no indication that the yellow bags referred to by the government's expert contained a different substance than the clear bags or that they were unevenly distributed between the analyzed and unanalyzed samples, counsel's performance was neither deficient nor prejudicial. See Strickland v. Washington, 466 U.S. 668 (1984). We therefore affirm Sabour's convictions and sentences.